OPINION
{¶ 1} Appellant Cynthia Martin appeals a judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, which included the Huntington Bank Account No. 046700036895 in the Estate of Decedent Harry F. Lowe, appellant Martin's father. Appellant assigns two errors to the trial court:
 {¶ 2} "The probate court erred when it ordered the inclusion of Huntington Bank Account No. 04670036895 in the decedent's estate."
 {¶ 3} "In the alternative, the probate court erred when it ordered the full value of Huntington Bank Account No. 04670036895 into the decedent's estate."
 {¶ 4} Appellees are the executor, Deborah S. Lowe, who is decedent's daughter and Clara Maynard, decedent's step-daughter. These two and appellant are beneficiaries of the estate.
 {¶ 5} Appellee Maynard filed an exception to the inventory of the estate. The savings account at issue was opened in the names of Harry E. Lowe and Cynthia L. Martin. The trial court found at the time of decedent's death, the savings account was a joint account held in tenancy in common.
 {¶ 6} The court specifically rejected the argument the account was a joint account with rights of survivorship, because at the time the parties opened the account, there was no condition of survivorship. The court found by clear and convincing evidence neither Harry F. Lowe nor Cynthia Martin took any action to change the account from a simple joint account to a joint account with rights of survivorship.
 {¶ 7} The court found over ninety percent of the funds in the savings account were derived exclusively from decedent's Social Security checks, and there was no evidence presented appellant Cynthia Martin ever made any contributions to the joint savings account. The court found all banking statements were sent to decedent's home, and never to the residence of Cynthia Martin.
 {¶ 8} The Probate Court drew a distinction between this account and an account established by a husband and wife, in which the parties lived together and both could naturally make deposits or withdrawals. Instead, the account at issue was between a father and daughter, and the daughter lived in California.
 {¶ 9} The court found the moving party, Clara Maynard, had overcome the presumption each person whose name appears on the joint account had contributed equal amounts. The court found the burden then shifted to Cynthia Martin, who did not come forward with evidence she had made deposits to the savings account. The court concluded the funds were deposited by the decedent and belonged to the decedent, including the accumulated interest.
 I {¶ 10} In her first assignment of error, appellant argues the Huntington Bank rules and regulations provide unless account ownership records specified otherwise, joint accounts are opened with rights of survivorship. At the hearing on the exceptions to the inventory, Kathleen Kiebel from the Alexandria, Ohio office of Huntington National Bank testified when Huntington has no signature card bearing a designation as to whether the account is joint with rights of survivorship or without, in the bank's view, the account automatically defaults to joint with rights of survivorship.
 {¶ 11} Kiebel testified the first page of Huntington's record began on January 1, 1996. Prior to 1996, this particular bank was known as the Alexandria Bank, and no records or regulations were available for the time period prior to 1996.
 {¶ 12} On January 1, 1996, the account held a balance of $10,917.56. There was no testimony about the source of these funds.
 {¶ 13} At the time of decedent's death, the account balance was $51,115.55, and the source of the funds after January 1, 1996 was primarily decedent's Social Security checks.
 {¶ 14} Appellee urges because the Huntington regulation designating the account as joint with rights of survivorship was not in effect at the time the account was opened, and because there is no evidence as to what the terms were at the time the account was opened, the trial court was correct in disregarding the regulations and finding the account was an asset of the estate. We agree.
 {¶ 15} We find the trial court did not err in finding the account was not a joint account with rights of survivorship.
 {¶ 16} The first assignment of error is overruled.
 II {¶ 17} Appellant's second assignment is in the alternative to assignment of error I. Here, appellant argues even if we find the Probate Court was correct in ruling the account was not a joint account with rights of survivorship, it nevertheless should not have placed the entire account into the decedent's estate.
 {¶ 18} Appellant cites us to In the Matter of: The Estate ofCharles W. Lewis, Lucas Appellate No. L-02-1115, 2003-Ohio-71, wherein the Sixth Appellate District found when a co-owner of a joint and survivorship bank account dies, the money in the account automatically passes to the surviving owner. Where there is no provision for survivorship rights, the co-owners have no right after the death of the co-owner to the portion of the account deposited by the deceased. The money the deceased co-owner deposited passes to his estate. When there is no evidence to the contrary, there is a presumption the joint owners equally contributed the money in the account, Lewis, paragraph 12, citations deleted.
 {¶ 19} In the case at bar, there was no evidence presented regarding the source of the funds prior to January 1, 1996. Thus, there is a presumption the joint owners contributed equally to the account, which at the time contained $10,917.56.
 {¶ 20} We find the trial court erred in including the entire account in the estate of the deceased. We further find the trial court should have awarded appellant $5,458.78, her one-half of the account balance as of January 1, 1996, plus the interest accruing on this amount thereafter.
 {¶ 21} The second assignment of error is sustained.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Court, of Licking County, Ohio, is affirmed in part, and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Farmer and Edwards, JJ., concur.